Case:12-06019-JSD Doc#:21 Filed:04/30/13 Entered:05/08/13 10:29:19 Page:1 of 10

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By jbergen at 3:25 pm, Apr 30, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Statesboro Division

| | |
|---|---|
| IN RE: ) <br> ) <br> CHRISTOPHER JOEY FLOWERS ) <br> ) <br>     Debtor ) <br> ) <br> _____ ) <br> ) <br> HARRIET B. FLOWERS ) <br> ) <br>     Plaintiff ) <br> ) <br> vs. ) <br> ) <br> CHRISTOPHER JOEY FLOWERS ) <br> ) <br>     Defendant ) | CHAPTER 7 CASE <br> NUMBER <u>12-60304</u> <br><br><br><br><br><br><br><br> ADVERSARY PROCEEDING <br> NUMBER <u>12-06019</u> |

## **OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

    This matter is before me on the motion for summary judgment ("Motion") by Plaintiff Harriet B. Flowers. The Motion seeks a determination that Debtor Christopher Joey Flowers' indebtedness to Plaintiff is a non-dischargeable domestic support obligation under 11 U.S.C. § 523(a)(5). Since there is a genuine issue of whether the subject debt constitutes a domestic support obligation, Plaintiff's Motion is denied. However, the parties are afforded 14 days from the date of this order to address the dischargeability of this debt pursuant to 11 U.S.C. § 523(a)(15).

## UNDISPUTED FACTS

The following facts are taken from the record, pleadings, and Plaintiff's statement of Undisputed Material Facts.

Before Debtor filed for bankruptcy, Debtor and Plaintiff were married and decided to divorce.[1] (A.P. Dkt. No. 1 ¶ 1; A.P. Dkt. No. 6 ¶ 1.) On February 20, 2012, they entered into a Stipulation and Agreement in Settlement of Divorce ("Agreement"). (A.P. Dkt. No. 1 ¶ 1; A.P. Dkt. No. 6 ¶ 1; A.P. Dkt. No. 10 ¶ 2.) The Agreement included the following clause:

> Defendant [Debtor in this action] shall pay the monthly amount of $750.00 in alimony to the Plaintiff [Plaintiff in this action] for a period of 24 months due on the 1st of the month following the signing of this agreement. These payments are representative of periodic payments for lump sum alimony.

(A.P. Dkt. No. 10 Ex. 4 ¶ 26; A.P. Dkt. No. 13, Def.'s Br. in Opp'n, Statement of Facts.) On March 23, 2012, the Superior Court of Toombs County executed a Final Judgment and Decree which incorporated the Agreement as part of the divorce. (A.P. Dkt. No. 10 Ex. 5; A.P. Dkt. No. 13, Def.'s Br. in Opp'n, Statement of Facts.)

On June 8, 2012, Debtor filed a chapter 7 petition for bankruptcy. (A.P. Dkt. No. 1 ¶ 2; A.P. Dkt. No. 6 ¶ 2; Case Dkt.

---

[1] References to the docket of the underlying chapter 7 case number 12-60304 appear in the following format: Case Dkt. No. ___." References to the docket of this adversary proceeding number 12-06019 appear in the following format: "A.P. Dkt. No. ___."

2

No. 1.) In his initial schedules, Debtor did not list any indebtedness to Plaintiff, but he later amended his schedules to include $18,000.00 to Plaintiff as an unsecured non-priority debt ("Debt"). (Case Dkt. No. 1; Case Dkt. No. 27; A.P. Dkt. No. 1 ¶ 2; A.P. Dkt. No. 6 ¶ 2; A.P. Dkt. No. 10 ¶ 4.) As consideration for the Debt, he listed "Periodic Payments Per Divorce." (Case Dkt. No. 27.) Subsequently, on October 15, 2012, Debtor was discharged. (Case Dkt. No. 35.)

Meanwhile, on September 4, 2012, Plaintiff filed this adversary seeking a determination that the Debt is non-dischargeable under 11 U.S.C. § 523(a)(5).[2] (A.P. Dkt. No. 1.) After Debtor filed an answer, on March 30, 2013, Plaintiff filed this Motion for summary judgment. (A.P. Dkt. No. 10.) Debtor filed his response on April 22, 2013. (A.P. Dkt. No. 13.)

## CONCLUSIONS OF LAW

### I. Summary Judgment Standard

Summary judgment is appropriate where it is shown that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), made applicable here by Federal Rule of Bankruptcy Procedure 7056. A genuine issue exists where the evidence is such

---

[2] Plaintiff also objects to discharge under 11 U.S.C. § 507(a)(1)(A). However, § 507(a)(1)(A) addresses the priority of domestic support obligations for bankruptcy estate asset distribution, not dischargeability.

3

that a reasonable jury could return a verdict for the non-moving party. Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Facts are material if they could affect the outcome of the suit under the applicable substantive law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997)(citing Anderson, 477 U.S. at 248; Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)).

On a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. In making that determination, the facts must be viewed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. There is a Genuine Issue of Whether the Debt is a Domestic Support Obligation.

A debt that qualifies as a domestic support obligation is excluded from the § 727 discharge. 11 U.S.C. § 523(a)(5). The party opposing discharge bears the burden of establishing that the debtor's obligation is actually a domestic support obligation. See In re Horner, 222 B.R. 918, 921 (S.D. Ga. 1998)(citing In re Montgomery, 169 B.R. 442, 444 (Bankr. M.D. Fla. 1994)).

4

The Bankruptcy Code defines a domestic support obligation as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title . . . that is—
>
> (A) owed to or recoverable by—
>
> > (i) a spouse, former spouse, or child of the debtor . . .
>
> (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor . . . without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
> > (i) a separation agreement, divorce decree, or property settlement agreement; [or]
> >
> > (ii) an order of a court of record
>
> . . . .
>
> and
>
> (D) not assigned to a nongovernmental entity . . . .

11 U.S.C. § 101(14A)(A)-(D).

Debtor concedes that the Debt is part of the divorce decree and that he owes the Debt to his former spouse, but argues that the Debt is not in the nature of alimony, maintenance, or support, but is instead a property settlement. (A.P. Dkt. No. 13.) In making this contention, he argues that

because the Debt amount is final and not affected by Plaintiff's remarriage or divorce, the Debt is a property settlement. (Id.)

Federal law determines whether a particular debt is in the nature of support. Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001) (citing In re Strickland, 90 F.3d 444, 446 (11th Cir. 1996)). "A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony." Id. (citations omitted). Thus, "[w]here . . . [a] final divorce decree merely approves an agreement between the parties, the intent of the parties is the focus of the inquiry." In re Horner, 222 B.R. at 921 (citing In re West, 95 B.R. 395, 399 (Bankr. E.D. Va. 1989)).

"A federal court is not bound by the label that the parties . . . attach to an [agreement]; the substance and function of the obligation rather than its form determine whether the obligation is dischargeable." In re Horner, 222 B.R. at 921 (citations omitted); see also Cummings, 244 F.3d at 1265.

To ascertain the intent of the parties and to determine whether the obligation is in the nature of support, the court may consider the following factors:

> (1) whether the award is a sum certain payable over a specified period;
>
> (2) whether the obligation is payable over a long period of time;

6

> (3) whether the obligation terminates on death or remarriage of the former spouse;
>
> (4) the length of the marriage;
>
> (5) the number and age of children;
>
> (6) the standard of living established during the marriage;
>
> (7) the relative income of the parties at the time the divorce decree was entered;
>
> (8) the age, health, education, and work experience of both parties;
>
> (9) whether the payments are intended as economic security or retirement benefits;
>
> (10) the tax treatment of the payments;
>
> (11) the state court's characterization of the obligation.

In re Horner, 222 B.R. at 922.

Here, while the language of the Agreement sheds light on some of these factors, it ultimately provides only persuasive evidence of the parties' intent. See In re Evert, 342 F.3d 358, 368 (5th Cir. 2003)(citing Tilley v. Jessee, 789 F.3d 1074, 1077 (4th Cir. 1986)). Furthermore, although the Agreement denotes the Debt as alimony and therefore supports Plaintiff's contention that the Debt is a domestic support obligation, other factors in the substance of the Agreement support the opposite conclusion. For instance, the Debt is identified as "lump sum alimony," which may indicate a property settlement. Also, there is nothing in the

7

Agreement stating that the Debt obligation ends on remarriage, which may also point to a property settlement. The remaining factors remain unaddressed and are more appropriately established at trial.

Therefore, even though it is undisputed that the Debt is owed to Plaintiff, a former spouse, that the Debt was established pursuant to a divorce decree, and that the Debt is not assigned to a nongovernmental entity, from the facts established, a reasonable finder of fact could find that the Debt is not a domestic support obligation. There remains unresolved factors and therefore a genuine issue of material fact remains. Plaintiff is thus not entitled to summary judgment under § 523(a)(5).

### III. Plaintiff may be entitled to summary judgment under 11 U.S.C. § 523(a)(15)

While summary judgment is denied under § 523(a)(5), from the undisputed facts, it appears that the Debt may be excepted from discharge under § 523(a)(15), which reads:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> (15) to a spouse, [or] former spouse, . . . of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

By amending his schedules to reflect the Debt and by admitting in his answer that the Debt was incurred pursuant to a divorce decree, Debtor has conceded that he owes the Debt to his former spouse in connection with their divorce. Therefore, it appears that the non-dischargeability requirements of § 523(a)(15) as it pertains to a chapter 7 § 727 discharge have been met.

However, Plaintiff failed to plead 11 U.S.C. § 523(a)(15) in her complaint, and only mentioned the subsection in passing in her Memorandum in Support of Plaintiff's Motion for Summary Judgment. She has also insisted throughout this proceeding that the obligation is in the nature of support and non-dischargeable under § 523(a)(5).

Still, a court may grant summary judgment on grounds not raised by a party "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(2) (made applicable in bankruptcy by Fed. R. Bankr. P. 7056). Therefore, I am affording both parties 14 days from the entry of this order to respond to the dischargeability of the Debt pursuant to § 523(a)(15).

### ORDER

Plaintiff's motion for summary judgment is therefore **ORDERED DENIED** under 11 U.S.C. § 523(a)(5).

It is also **ORDERED** that pursuant to Rule 56(f)(2), both parties are allowed 14 days from the entry of this order to submit written briefs on the issue of whether summary judgment should be granted to Plaintiff based on the Debt being excepted from discharge under 11 U.S.C. § 523(a)(15).

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 30th day of April, 2013.