FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By arowe at 4:48 pm, Jun 19, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | |
|---|---|
| IN RE:<br><br>CHRISTOPHER JOEY FLOWERS<br><br>     Debtor<br><br>_____<br><br>HARRIET B. FLOWERS<br><br>     Plaintiff<br><br>vs.<br><br>CHRISTOPHER JOEY FLOWERS<br><br>     Defendant | CHAPTER 7 CASE<br>NUMBER <u>12-60304</u><br><br><br><br><br><br><br><br>ADVERSARY PROCEEDING<br>NUMBER <u>12-06019</u> |

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This matter is before me on the supplemental motion for summary judgment ("Second Motion") by Plaintiff Harriet B. Flowers. The Second Motion seeks a determination that Debtor Christopher Joey Flowers' indebtedness to Plaintiff is a non-dischargeable obligation under 11 U.S.C. § 523(a)(15). Since there is no genuine issue that the subject debt is either a non-dischargeable domestic support obligation under 11 U.S.C. § 523(a)(5) or that it is non-dischargeable under 11 U.S.C. § 523(a)(15), the Second Motion is granted.

**UNDISPUTED FACTS**

Before Debtor filed for bankruptcy, Debtor and Plaintiff were married and decided to divorce.[1] (A.P. Dkt. No. 1 ¶ 1; A.P. Dkt. No. 6 ¶ 1.) On February 20, 2012, they entered into a Stipulation and Agreement in Settlement of Divorce ("Agreement"). (A.P. Dkt. No. 1 ¶ 1; A.P. Dkt. No. 6 ¶ 1; A.P. Dkt. No. 24 ¶ 2.) The Agreement included the following clause:

> Defendant [Debtor in this action] shall pay the monthly amount of $750.00 in alimony to the Plaintiff [Plaintiff in this action] for a period of 24 months due on the 1st of the month following the signing of this agreement. These payments are representative of periodic payments for lump sum alimony.

(A.P. Dkt. No 24 Ex. 4 ¶ 26; A.P. Dkt. No. 28, Def.'s Br. in Opp'n, Statement of Facts.) On March 23, 2012, the Superior Court of Toombs County, Georgia executed a Final Judgment and Decree which incorporated the Agreement as part of the divorce. (A.P. Dkt. No. 24 Ex. 5; A.P. Dkt. No. 28, Def.'s Br. in Opp'n, Statement of Facts.)

On June 8, 2012, Debtor filed a chapter 7 petition for bankruptcy relief. (A.P. Dkt. No. 1 ¶ 2; A.P. Dkt. No. 6 ¶ 2; Case Dkt. No. 1.) In his initial schedules, Debtor did not list any indebtedness to Plaintiff, but he later amended his schedules

---

[1] References to the docket of the underlying chapter 7 case number 12-60304 appear in the following format: Case Dkt. No. ___." References to the docket of this adversary proceeding number 12-06019 appear in the following format: "A.P. Dkt. No. ___."

to include $18,000.00 to Plaintiff as an unsecured non-priority debt ("Debt"). (Case Dkt. No. 1; Case Dkt. No. 27; A.P. Dkt. No. 1 ¶ 2; A.P. Dkt. No. 6 ¶ 2; A.P. Dkt. No. 24 ¶ 4.) As consideration for the Debt, he listed "Periodic Payments Per Divorce." (Case Dkt. No. 27.) Subsequently, on October 15, 2012, Debtor was discharged under 11 U.S.C. § 727. (Case Dkt. No. 35.)

Prior to discharge, on September 4, 2012, Plaintiff filed this adversary seeking a determination that the Debt is non-dischargeable under 11 U.S.C. § 523(a)(5). (A.P. Dkt. No. 1.) After Debtor filed an answer, on March 30, 2013, Plaintiff filed an initial motion for summary judgment ("First Motion"). (A.P. Dkt. No. 10.) Debtor filed his response on April 22, 2013. (A.P. Dkt. No. 13.)

On April 30, 2013, I entered an order denying the First Motion ("Order") and finding a genuine issue as to whether the Debt constituted a domestic support obligation under § 523(a)(5). (A.P. Dkt. No. 21.) Pursuant to rule 56(f)(2) of the Federal Rules of Civil Procedure, which states that a court may grant summary judgment on grounds not raised by a party "[a]fter giving notice and a reasonable time to respond," I gave the parties an opportunity to respond to the dischargeability of the Debt under 11 U.S.C. § 523(a)(15). (A.P. Dkt. No. 21.) In the Order, I quoted the text of § 523(a)(15) and explained why it appeared the

provision's non-dischargeability requirements had been met in this case. (Id.)

Instead of responding to the Order, on May 13, 2013, Plaintiff filed the Second Motion and contended that the debt was non-dischargeable under § 523(a)(15). (A.P. Dkt. No. 24.) Defendant responded on June 6, 2013. (A.P. Dkt. No. 28.)

## CONCLUSIONS OF LAW

### I. Summary Judgment Standard

Summary judgment is appropriate where it is shown that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), made applicable here by Federal Rule of Bankruptcy Procedure 7056. A genuine issue exists where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Facts are material if they could affect the outcome of the suit under the applicable substantive law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997)(citing Anderson, 477 U.S. at 248; Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)).

On a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. In making that determination, the facts must be viewed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. The Proper Version of 11 U.S.C. § 523(a)(15).

As an initial matter, I am compelled by the parties' briefs to again emphasize the current version of § 523(a)(15). The provision reads:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). Therefore, for a debt to be non-dischargeable under § 523(a)(15), four requirements must be met. First, the debtor must be seeking discharge under §§ 727, 1141, 1228(a), 1228(b), or 1328(b). Id. Second, the debt must be owed to a spouse, former spouse, or child of the debtor. Id. Third, the debt must not be a domestic support obligation, and fourth,

5

the debt must be incurred in the course of a divorce or separation or in connection with separation agreement, divorce decree, or other order of a court of record. Id.

In this case, instead of arguing these elements, in his brief supporting the Second Motion, counsel for Plaintiff relied on the prior version of § 523(a)(15). (A.P. Dkt. No. 24-3.) In doing so, counsel contended that two prior exceptions to § 523(a)(15) did not apply in this case. (Id.)

Those exceptions were deleted from § 523(a)(15) in 2005. See Pub. L. 109-8 § 215(3)(c)("Section 523 of title 11, United States Code, is amended . . . in paragraph (15) . . . by striking 'unless—' and all that follows through the end of the paragraph and inserting a semicolon."); see also 4 Collier on Bankruptcy ¶ 523.23 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)("As part of the 2005 Act, the balancing test governing the dischargeability of debts falling under section 523(a)(15) previously set forth in former subsections (A) and (B) of the provision was deleted. Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable.") Counsel argued for the inapplicability of two exceptions that no longer exist.

Furthermore, instead of exposing the mistake of Plaintiff's counsel and addressing the substantive reasons why the current § 523(a)(15) does not apply in this case, Debtor's

AO 72A
(Rev. 8/82)

counsel responded by arguing that Debtor's situation fell within the deleted exceptions to § 523(a)(15). (A.P. Dkt. No. 28.) Debtor's attorney also reiterated the argument set forth in her response to the First Motion that the Debt did not constitute a domestic support obligation § 523(a)(5). (Id.)

At the very least counsel is expected to read my orders and to research the law relevant to their clients' cases. In this case, my previous Order laid out the current law, yet counsel ignored the Order and the current state of the law to argue irrelevant matters.

### III. Summary Judgment for Plaintiff is Appropriate.

Nevertheless, counsels' carelessness does not change the result in this case.

First, the undisputed facts indicate that elements one, two, and four of § 523(a)(15) have been met. Debtor sought and received a discharge under § 727, thus satisfying element one. By amending his schedules to reflect the Debt and by admitting in his answer that the Debt was incurred pursuant to a divorce decree, Debtor conceded that he owes the Debt to his former spouse in connection with their divorce, thus satisfying elements two and four.

Therefore, for the Debt to be non-dischargeable under § 523(a)(15), the only element left to be satisfied is that the

AO 72A
(Rev. 8/82)

Debt is not a domestic support obligation. Notably, in my prior Order, I determined that there was a genuine issue as to whether the Debt constituted such an obligation under 11 U.S.C. § 101(14A) defining a domestic support obligation (A.P. Dkt. No. 21); however, that genuine issue does not preclude summary judgment here.

Instead, because the Debt either is or is not a domestic support obligation, it is non-dischargeable under either § 523(a)(5) or § 523(a)(15). If it is a domestic support obligation, then § 523(a)(5) governs and prevents discharge of the Debt. If it is not a domestic support obligation, then because the other three elements of § 523(a)(15) have been met, 523(a)(15) applies and prevents discharge of the Debt. Either way, the Debt is non-dischargeable. Therefore, summary judgment for the Plaintiff is appropriate.

### ORDER

Plaintiff's motion for summary judgment is therefore **ORDERED GRANTED**. The obligation of the Defendant Christopher Joey Flowers, Debtor in the underlying Chapter 7 case, to the Plaintiff Harriet B. Flowers as set forth in the Stipulation and Agreement in Settlement of Divorce as incorporated in the Final Judgment and Decree of the Superior Court of Toombs County, Georgia as follows:

8

>   Defendant shall pay the monthly amount of $750.00 in alimony to the Plaintiff for a period of 24 months due on the 1st of the month following the signing of this agreement. These payments are representative of periodic payments for lump sum alimony.

is excepted from discharge in the Chapter 7 case # 12-60304 of the Defendant Debtor Christopher Joey Flowers.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 19 day of June, 2013.